IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **VENITA BARHAM**<br>652 Quarry Lane<br>Richmond Heights, OH 44143, | )<br>)<br>) | **CASE NO.**<br><br>**JUDGE** |
| Plaintiff, | )<br>)<br>) | |
| vs. | )<br>) | **COMPLAINT FOR VIOLATIONS**<br>**OF THE FAIR LABOR STANDARDS** |
| **RENT-A-DAUGHTER CORP.**<br>c/o Nadine Glatley<br>23715 Mercantile Blvd.<br>Beachwood, OH 44122, | )<br>)<br>)<br>)<br>) | **ACT AND OHIO LAW**<br><br>**JURY DEMAND ENDORSED HEREON** |
| and | )<br>) | |
| **RENT-A-DAUGHTER LLC**<br>c/o Nadine Glatley<br>23715 Mercantile Blvd.<br>Beachwood, OH 44122, | )<br>)<br>)<br>)<br>) | |
| and | )<br>) | |
| **Nadine Glatley**<br>3095 Aspen Lane<br>Twinsburg, Ohio 44087, | )<br>)<br>)<br>) | |
| Defendants. | )<br>) | |

Plaintiff Venita Barham for her Complaint against Defendants Rent-A-Daughter Corp., Rent-A-Daughter LLC, and Defendant Nadine Glatley alleges as follows:

## INTRODUCTION

1. Plaintiff brings this action against Defendants for their failure to pay plaintiff overtime wages and for all available remedies owed to Plaintiff resulting from Defendants' policies and practices that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201-

01439270v1

219, as well as all remedies available to Plaintiff resulting from Defendants' policies and practices that violated Ohio Revised Code §§ 4111.03, 4111.08, and 4113.15.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over plaintiff's FLSA claims pursuant to 28 U.S.C. §1331 and 29 U.S.C. §216(b).

3. This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims are so related to the FLSA claims as to form part of the same case or controversy.

4. Venue is proper in this forum pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's Complaint occurred in the Northern District of Ohio. Defendants are residents of the Northern District of Ohio within the meaning of 28 U.S.C. §1391(c),

## PARTIES

5. Plaintiff is a resident of Ohio who was employed by Defendants as an STNA/home health care worker beginning on or about 2014 and continuing through the present.

6. Defendant Rent-A-Daughter Corp. is a for-profit corporation conducting substantial business in Ohio, and with a principal place of business in Cuyahoga County, Ohio.

7. Defendant Rent-A-Daughter LLC is a for-profit limited liability company conducting substantial business in Ohio, and with a principal place of business in Cuyahoga County, Ohio.

8. Defendant Nadine Glatley ("Glatley") resides in the Northern District of Ohio.

9. Upon information and belief Glatley is the principal shareholder of Defendant Rent-A-Daughter, Corp. and controls its employment policies and practices including all actions alleged in this Complaint.

10. Upon information and belief Glatley is the principal owner of Defendant Rent-A-Daughter, LLC and controls its employment policies and practices including all actions alleged in this Complaint.

11. At all times relevant Plaintiff was an employee within the meaning of the FLSA, 29 U.S.C. §203(d), and corresponding provisions of Ohio law including Ohio Revised Code §§ 4111.03, 4111.08, and 4113.15. (sometimes collectively referred to as "Ohio law")

12. At all times relevant Defendant Rent-A-Daughter Corp. and Defendant Rent-A-Daughter, LLC, and Defendant Nadine Glatley (sometimes collectively referred to as "Defendants") were employers within the meaning of the FLSA, 29 U.S.C. §203(d), and corresponding provisions of Ohio law including Ohio Revised Code §§ 4111.03, 4111.08, and 4113.15.

13. At all times relevant Defendants conducted business in the Northern District of Ohio.

14. At all times relevant Defendants were fully aware of the fact that they were legally required to comply with the wage and overtime laws of the United States and the State of Ohio.

15. At all times relevant, Defendants were enterprises engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §203(s)(1).

16. At all times relevant Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§206-207.

## FACTUAL ALLEGATIONS

17. Defendant Rent-A-Daughter, Corp. is a for profit Ohio corporation that does business in Ohio and provides home health services.

18. Defendant Rent-A-Daughter, LLC. is an Ohio for profit limited liability company that does business in Ohio and provides home health services.

19. Upon information and belief Defendant Nadine Glatley is the principal shareholder of Defendant Rent-A-Daughter, Corp. and the principal owner of Rent-A-Daughter, LLC.

20. At all times relevant, Plaintiff regularly worked more than 40 hours per workweek, as an employee of Defendant Rent-A-Daughter Corp. and/or Rent-A-Daughter, LLC, and/or Defendant Glately.

21. When Plaintiff worked more than 40 hours in a workweek, she was not paid an overtime premium in an amount equal to one-and-one-half times her regular rate of pay as owed her under the FLSA and Ohio Revised Code §4111.03.

22. When Plaintiff engaged in job-to-job travel she was not paid for her time

23. Upon information and belief, Defendants failed to properly maintain Plaintiff's payroll or other records containing the information required by 29 C.F.R. Part 516.

24. Defendants knowingly and willfully failed to pay Plaintiff overtime premiums when she worked in excess of 40 hours in a workweek.

## COUNT ONE
### (FLSA – OVERTIME VIOLATIONS)

25. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

26. The FLSA required Defendants to pay Plaintiff, a non-exempt caregiver, overtime compensation at the rate of one-and-one-half times her regular rate of pay for all hours worked in excess of 40 hours in a workweek.

27. Defendants' practice and policy of not paying Plaintiff for overtime compensation at a rate of-and-one-half times her regular rate of pay for all hours worked over forty (40) each workweek violated the FLSA, 29 U.S.C. §§201 *et seq*. and the regulations thereunder including but not limited to 29 C.F.R. Part 778.

28. Defendants' failure to keep records of all hours worked for each workday and the total hours worked each workweek by Plaintiff violated the FLSA, 29 U.S.C. §§201 *et seq*. and the regulations thereunder including but not limited to 29 C.F.R. §516.2(a)(6)(7)(8)(9).

29. At all times relevant Defendants knew that they were required to pay Plaintiff overtime compensation.

30. By engaging in the above-mentioned conduct, Defendants willfully, knowingly, and/or recklessly violated provisions of the FLSA and its regulations.

31. As a result of Defendants' practices and policies, Plaintiff has been harmed in that she has not received wages due to her pursuant to the FLSA.

32. As a result of Defendants' violations, Plaintiff is entitled to unpaid overtime and other compensation for the three year statutory period, liquidated damages, interest and attorneys' fees, and all other remedies available to her including as set forth in 29 U.S.C. § 216(b).

## COUNT TWO
### (OHIO OVERTIME VIOLATIONS)

33. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

34. O.R.C. §4111.03(A) requires Defendants to compensate Plaintiff at a wage rate of one-and-one-half times her wage rate on hours worked in excess of 40 hours in a workweek as provided in the FLSA.

35. Defendants' practice of not compensating Plaintiff at a rate of one-and-one-half times her wages for hours worked in excess of 40 hours in a workweek violates the overtime provisions of O.R.C. §4111.03(A).

36. As a result of Defendants' practices, Plaintiff has been harmed in that she has not received wages due to her pursuant to O.R.C. §4111.03(A).

37. As a result of Defendants' violations of O.R.C. §4111.03(A), Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available to her.

## COUNT THREE
## (SEMI-MONTHLY PAYMENT OF WAGES VIOLATION)

38. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

39. At all times relevant, Defendants were entities covered by O.R.C. § 4113.15 and Plaintiff has been employed by Defendants within the meaning of O.R.C. § 4113.15.

40. O.R.C. § 4113.15 requires that Defendants pay Plaintiff all wages, including unpaid overtime, on or before the first day of each month, for wages earned by her during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by her during the last half of the preceding calendar month.

41. During all times relevant, Plaintiff was not paid all wages, including overtime wages at one-and-one-half times her regular rate within thirty (30) days of performing the work *See* O.R.C. §4113.15(B).

42. Plaintiff's unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

43. In violating O.R.C. § §4113.15, *et seq.*, Defendants acted willfully and without a good faith basis and with reckless disregard of clearly applicable Ohio law.

44. As a result of Defendants' violations of O.R.C. §§ 4113.15 *et seq.*, Plaintiff has been injured and seeks all damages, liquidated damages, interest and attorneys' fees, and all other remedies available to her under the statute.

## COUNT FOUR
## (RECORDKEEPING VIOLATIONS OF THE OHIO WAGE ACT)

45. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

46. O.R.C. §4111.08 requires employers to maintain and preserve payroll or other records containing, among other things the hours worked each workday and the total hours worked each workweek.

\ 47. During all times material to this Complaint, Defendants were covered employers and were required to comply with O.R.C. §4111.08

48. Plaintiff was a covered employee entitled to the protection of O.R.C. §4111.08

49. During all times material to this Complaint, Defendants violated O.R.C. §4111.08 with respect to Plaintiff by failing to properly maintain accurate records of all hours Plaintiff worked each workday and within each workweek.

50. In violating O.R.C. §4111.08 the Defendants acted willfully and with reckless disregard of clearly applicable Ohio law.

51. As a result of Defendants' violations of O.R.C. §§ 4111.08, Plaintiff has been injured and seeks all damages, liquidated damages, interest and attorneys' fees, and all other remedies available to her under the statute.

## COUNT FIVE
## (PIERCING THE CORPORATE VEIL)

52. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

53. Upon information and belief, Defendant Glatley had control over Defendants Rent-A-Daughter, Corp. and Rent-A-Daughter, LLC that was so complete that the entities had no separate mind or will or existence of their own.

54. Upon information and belief Defendant Glatley controlled Defendants Rent-A-Daughter, Corp. and Rent-A-Daughter, LLC in such a manner that the actions that are the subject of this Complaint are attributable to her individually.

55. Upon information and belief, Defendant Glatley, used personal funds to satisfy the obligation of Defendants Rent-A-Daughter, Corp. and/or Rent-A-Daughter, LLC including paying Plaintiff's wages from personal funds.

56. Defendants control over Defendants Rent-A-Daughter, Corp. and Rent-A-Daughter, LLC resulted in injury to Plaintiff as alleged in this Complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, as to Count I, Plaintiff prays for an Order as follows:

A. Enter judgment for Plaintiff against Defendants.

B. A declaratory judgment that Defendants' payroll policies or practices as described herein violate the FLSA;

C. Judgment against Defendants for damages for all unpaid compensation including overtime compensation owed to Plaintiff during the applicable three-year statutory period under the FLSA 29 U.S.C. §201, *et seq*., and attendant regulations at 29 C.R.F. §516 *et seq.*

D. Judgment against Defendants for liquidated damages pursuant to FLSA 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.R.F. §516 *et seq.* in an amount equal to all unpaid compensation including overtime compensation owed to Plaintiff during the applicable three-year statutory period.

E. Directing Defendants to pay reasonable attorneys' fees and all costs and expenses connected with this action;

F. Judgment for all civil penalties to which Plaintiff may be entitled; and

G. Such other and further relief as this Court may deem necessary, just, or proper.

**WHEREFORE**, as to Counts II, III, and IV, Plaintiff requests judgment against Defendants for violations of the Ohio law, and for an Order:

H. Awarding plaintiff unpaid compensation, including wages as to be determined at trial together with any liquidated damages allowed by the Ohio law;

I. Finding that Defendants failed to keep accurate records in accordance with Ohio law, and Plaintiff is entitled to prove her hours worked with reasonable estimates;

J. Awarding Plaintiff costs and disbursements and reasonable allowances for fees for counsel and experts, and reimbursement of expenses;

K. Awarding Plaintiff such other and further relief as the Court deems just and proper, including pre and post judgment interest;

L. Awarding judgment against Defendants for liquidated damages pursuant to O.R.C. §4111.08 in an amount equal to six percent (6%) of all unpaid overtime compensation owed to the Plaintiff during the applicable statutory period; and

M. Issuing an injunction prohibiting Defendants from engaging in present, ongoing and future violations of the Ohio Law.

*/s/ Amy Berman Hamilton*
AMY BERMAN HAMILTON (0040268)
JAMES H. GROVE (0040815)
**NICOLA, GUDBRANSON & COOPER, LLC**
Landmark Office Towers
Republic Building, Suite 1400
25 West Prospect Avenue
Cleveland, OH  44115
Phone: (216) 621-7227
Fax: (216) 621-3999
Email: hamilton@nicola.com
grove@nicola.com

*Attorneys for Plaintiff*
Venita Barham

## **JURY DEMAND**

Plaintiff demands a trial by jury.

>*/s/ Amy Berman Hamilton*
>AMY BERMAN HAMILTON (0040268)